E-FILED
Tuesday, 02 June, 2026  12:43:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RACHEL RENEE SIEMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-3235-SEM-DJQ |
| | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiff Rachel Renee Siemer's challenge to

Defendant Frank Bisignano's, Commissioner of Social Security ("the Commissioner"),

denial of her application for Social Security Disability Insurance Benefits under 42

U.S.C. § 405(g). Specifically, Ms. Siemer challenges the Commissioner's determination

that she is not "disabled" as that term is used in the Social Security Act and, therefore,

that she was ineligible to receive disability benefits. *Id*. This case has been referred to the

undersigned for a Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(1).

The Court has reviewed the administrative record, including the transcript of the

hearing conducted by Administrative Law Judge Lisa Leslie ("the ALJ"), and has

considered the arguments made by the Parties in their respective briefs, both for an

against affirming the Commission's decision. As explained *infra*, the administrative

record demonstrates that the Commissioner did not commit reversible error in the

decision to deny Ms. Siemer's application for disability benefits, and therefore, the Court RECOMMENDS that the Commissioner's decision be affirmed.

I.      Background

Ms. Siemer was born in April 1971 and was forty-nine (49) years old on her disability onset date of January 14, 2021. Tr. 217, 264; 20 C.F.R. § 404.1563(c). In April 2021, Ms. Siemer turned 50 years old and was considered an individual closely approaching advanced age for the remainder of her case. *Id.*; 20 C.F.R. § 404.1563(d). Ms. Siemer has a high school education. Tr. 265.

On August 2, 2022, Ms. Siemer filed an application for Disability Insurance Benefits. Tr. 15, 165-176. The Commissioner denied Siemer's application, initially (Tr. 97), and upon reconsideration. Tr. 109. Accordingly, Ms. Siemer filed a written request for a hearing on the denial of her application. Tr. 125-26.

On May 9, 2024, Administrative Judge Lisa Leslie conducted a telephonic hearing with Ms. Siemer, who was represented by counsel. Tr. 36-61. Ms. Simer testified at the hearing. Tr. 42-53; 59-60. The ALJ also admitted certain documentary evidence at the hearing, including admitting Ms. Siemer's medical and mental health records and the opinion of Ms. Siemer's treating psychiatrist, Dr. Mark Napier. Tr. 908-13. A Vocational Expert also testified at the hearing. Tr. 53-59; 60.

On July 23, 2024, the ALJ issued an unfavorable decision on Ms. Siemer's application, finding that Ms. Siemer was not disabled. Tr. 17-31. In her decision, the ALJ found that Ms. Siemer suffered the following severe impairments: severe Irritable Bowel

Syndrome ("IBS"), obesity, hypertension, anxiety, and depression. Tr. 19. The ALJ

further found that Ms. Siemer had the Residual Functional Capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) except she can frequently climb ramps and stairs but cannot climb ladders, ropes, or scaffolds. The claimant can perform occasional balancing on narrow, slippery, or erratically moving surfaces. She can engage in occasional stooping, kneeling, crouching, and crawling but cannot work at unprotected heights or around hazardous machinery. The claimant can maintain the concentration required to understand, remember, and carry out simple and routine tasks. She cannot work at a fast pace such as an assembly line but can stay on task and meet reasonable production requirements in an environment that allows her to maintain a flexible and goal-oriented pace. The claimant is limited to work that requires only occasional changes in the work setting which are introduced gradually and she can have occasional interaction with co-workers, supervisors, and the public.

Tr. 22. In her decision denying Ms. Siemer's application, the ALJ accepted the

Vocational Expert's testimony that Ms. Siemer would be able to perform the

requirements of representative light work, including occupations such as photocopy

machine operator, marker, and checker. Tr. 30. The ALJ found that, based on the

testimony of the Vocational Expert, Ms. Siemer was capable of making a successful

adjustment to other work that exists in significant numbers in the national economy. *Id.*

Accordingly, the ALJ determined that, based on the application for a period of

disability and disability insurance benefits protectively filed on August 2, 2022, Ms.

Siemer was not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr.

30-31. Thereafter, Ms. Siemer filed a request for a review with the Appeals Council of

the ALJ's decision. Tr. 212-13. The Appeals Council denied Ms. Siemer's request on June

16, 2025. Tr. 1-3. As a result, the ALJ's decision became the Commissioner's final decision. *Id.*

On August 13, 2025, Ms. Siemer sought judicial review of the Commissioner's final decision. (Doc. 1). The Parties have briefed the relevant issues, and the matter is now ripe for adjudication by this Court. Further facts will be included *infra*, as necessary.

## II.   Legal Standard

Disability insurance benefits are only available to individuals who can establish a "disability" under the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). To establish a disability sufficient to qualify for disability insurance benefits under the Social Security Act, the claimant must show that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024). The "claimant bears the burden of proving their disability." *Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025).

A federal court's review an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to determining whether the ALJ's findings are supported by "substantial evidence" and to determining whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence,

shall be conclusive."); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will

uphold the Commissioner's final decision if the ALJ applied the correct legal standards

and supported her decision with substantial evidence."). In fact, courts must affirm an

ALJ's decision if the ALJ supported his or her findings with substantial evidence and if

the ALJ has not committed any error(s) of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th

Cir. 2013) (citations omitted); *Baptist v. Kijakazi*, 74 F.4th 437, 441 (7th Cir. 2023) (holding

that federal courts may reverse an ALJ's decision if it is based on incorrect legal

standards).

The United States Supreme Court has defined "substantial evidence" as "such

relevant evidence as a reasonable mind might accept to support such a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1972) (quoting *Consolidate Edison Co. v. NLRB*, 305

U.S. 197, 229 (1938)). The threshold for "substantial evidence" is low and requires only

"such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation and citation

omitted); *Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) (noting that the

substantial evidence standard of review is deferential). Under this deferential standard,

courts "will not reweigh the evidence, resolve debatable evidentiary conflicts,

determine credibility, or substitute our judgment for the ALJ's determination so long as

substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

The Social Security regulations enumerate a five-step sequential evaluation to be

followed when determining whether a claimant has met the burden of establishing

disability. 20 C.F.R. §§ 404.1520, 416.920. *First*, the ALJ considers whether the claimant is

employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b),

416.920(b). If he is, the claimant is not disabled, and the evaluation process is over.

*Second*, if he is not, the ALJ determines whether the claimant has a severe impairment or

combination of impairments that "significantly limits . . . physical or mental ability to

do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *Williams v. Colvin*, 757 F.3d

610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of

the claimant's impairments).

Third, the ALJ determines whether that severe impairment meets any of the

impairments listed in the Social Security regulations. 20 C.F.R. § 401, pt. 404, subpt. P,

app. 1. If it does, then the impairment is acknowledged by the Commissioner to be

conclusively disabling. *Id*.

However, if the impairment does not so limit the claimant's remaining

capabilities, the ALJ reviews the claimant's "residual functional capacity" and the

physical and mental demands of his past work. If, at this *fourth* step, the claimant can

perform his past relevant work, he will be found not disabled. 20 C.F.R. §§ 404.1520(e),

416.920(e). But if the claimant shows that his impairment is so severe that he cannot

engage in her past relevant work, then the burden of proof shifts at the *fifth* step to the

Commissioner to establish that the claimant—considering his age, education, job

experience, and functional capacity to work—is able to perform other work and that

such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f),

416.920(f); *Biestek*, 584 U.S. at 103-04 (holding that, upon the disability benefits

applicant's request, vocational expert's refusal to provide the private market-survey

data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

III.    Analysis

Ms. Siemer argues that the ALJ committed legal error in finding that she is not disabled, as that term is used in the Social Security Act, because, in reaching that conclusion, the ALJ improperly substituted her lay perception of the medical evidence to assess the mental health evidence and to assess Dr. Napier's opinion. Ms. Siemer contends that her mental impairments cannot be fully assessed based upon the objective medical evidence alone. *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987) (explaining that "unlike a broken arm, a mind cannot be x-rayed."). Instead, "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields" but "[d]iagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Accordingly, Ms. Siemer contends that the ALJ committed legal error when she relied upon her own reading of the mental medical evidence to claim that Dr. Napier's medical opinion was unsupported and, therefore, unpersuasive and not entitled to any deference. Tr. 28; *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Furthermore, Ms. Siemer argues that the Court should remand this matter because the ALJ made factual determinations that are not supported by substantial

7

evidence. According to Ms. Siemer, nothing in Dr. Napier's treatment notes was unsupportive of his medical opinion, *i.e.*, that he consistently felt that Ms. Siemer was experiencing serious limitations in mental functioning that were particularly impacted by being in a work environment, which was further complicated by her severe gastrointestinal impairments and embarrassment stemming from her using a toilet around others. Tr. 909-13.

Ms. Siemer further asserts that the ALJ erred by failing to discuss Ms. Siemer's panic attacks and agoraphobia based upon the medical evidence. On the contrary, Ms. Siemer argues that the ALJ unilaterally decided that Ms. Siemer did not sufficiently have panic attacks or agoraphobia as described in the record and in Dr. Napier's medical opinion based only on the fact that her behaviors were not demonstrated before a provider.

In sum, had the ALJ not improperly rejected Dr. Napier's opinion and had the ALJ properly framed her questions to the Vocational Expert based upon Ms. Siemer's correct physical and mental limitations as reported by Dr. Napier, Ms. Siemer's RFC would have demonstrated that she was disabled as that term is defined in the Social Security Act. Because the ALJ erred in her assessment of Dr. Napier's medical opinion by relying upon her lay perception of the record, by failing to consider the medical evidence as a whole, and by deferring to the findings of providers who were not acceptable medical sources for assessing mental impairments, Ms. Siemer asks the Court to remand this case because the ALJ's decision finding that she is not disabled is

8

not supported by substantial evidence and because the ALJ committed legal error in reaching this conclusion.

Contrary to her argument, the administrative record shows that the ALJ did not commit legal error in finding that Ms. Siemer was not disabled. Moreover, the ALJ's decision is supported by substantial evidence. Therefore, the Court recommends that the Commissioner's decision in this case be affirmed.

As with many matters on appeal, the decision of an appellate court is largely driven by the standard on review. Here, the Court may not reweigh on appeal the evidence considered and determined by the ALJ. *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022) ("We 'will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our own judgment for the ALJ's determination.'") (quoting *Gedatus*, 994 F.3d at 900). Instead and as noted *supra*, this Court is limited in its review to determining whether the ALJ's decision is supported by "substantial evidence" and to determining whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g). Given this standard, the Court cannot say that the ALJ's decision is not supported by substantial evidence or that the ALJ applied the incorrect legal standard in concluding that Ms. Siemer is not disabled as that term is defined in the Social Security Act.

Although she couches her argument as both a legal and a factual argument, Ms. Siemer's overarching argument is that the ALJ erred in not deferring to Dr. Napier's opinion that she could not work due to her mental and physical disabilities. Tr. 909-13.

9

Ms. Siemer argues that, unlike Dr. Napier, the ALJ failed to consider her panic attacks and her agoraphobia when considering whether she was disabled.

However, 20 C.F.R. § 404.1520c(a)(1) makes clear that the ALJ was not required to defer to the opinion of a treating physician or mental health provider: "We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." *Id*. Instead, the ALJ must consider the five factors specified in 20 C.F.R. § 404-1520c(c)(1)-(5) — supportability,[1] consistency,[2] relationship with the claimant, examining relationship, and other facts — in deciding what weight to give to a treating provider's opinion. *Id*.

In the instant case, the administrative record shows that the ALJ considered Ms. Siemer's panic attacks and her agoraphobia in concluding that she did not meet the standards of being disabled. Tr. 21-28. The ALJ identified Ms. Siemer's panic attacks and her fear of being in public, but then, the ALJ made a painstaking effort to discuss Ms. Siemer's medical records and her mental health records in order to demonstrate why those mental health conditions, as well as the other physical and mental ailments of which she complained, did not render her disabled during the applicable claimed disability period. The ALJ was not required to believe or to adopt Ms. Siemer's

---

[1] "Supportability" refers to the objective medical evidence and supporting explanations presented by the medical source. 20 C.F.R. § 404.1520c(c)(1).

[2] "Consistency" refers to the consistency between the opinion and other medical and nonmedical evidence of record. 20 C.F.R. § 404.1520c(c)(2).

testimony regarding her panic attacks or her agoraphobia because a "claimant's assertions of [symptoms], taken alone, are not conclusive of disability." *Zotch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020).

Nor was the ALJ required to adopt unquestioningly Dr. Napier's opinion. *Gudgel v. Barnhart,* 345 F.3d 467, 470 (7th Cir. 2003) ("An administrative law judge can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice."). This case is simply not one where the ALJ overlooked entire swaths of evidence that would undermine her conclusion. *Lincoln v. Bisignano*, 2026 WL 1097737, * 4 (7th Cir. Apr. 23, 2026) (citing *Reinaas v. Saul*, 953 F.3d 461, 466 (7th Cir. 2020) (holding that an ALJ cannot cherry-pick facts while overlooking "entire swaths" of evidence to the contrary*). On the contrary, the ALJ determined that Dr. Napier's opinion was not supported by his own recent examinations of Ms. Siemer. Tr. 28. The ALJ based her conclusion on the fact that Dr. Napier's March 2023 examination of Ms. Siemer revealed that she appeared discouraged and anxious but that she exhibited normal functioning, such as normal memory, fluent speech, and preserved attention, speech, thought process, insight, and judgment. Tr. 28; Tr. 729. The ALJ also noted that, upon examination, Dr. Napier often found Ms. Siemer to be anxious and discouraged, but she was, otherwise, normal in her functioning. Tr. 25-26. Based upon the ALJ's review of Ms. Siemer's medical evidence, Ms. Siemer's mental health records, and the testimony at the hearing, the Court cannot say that ALJ failed to build "an accurate and logical bridge" between the evidence and her decision, nor can the Court say that the ALJ

failed to consider all the relevant evidence in its entirety. *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); *Goble v. Astrue*, 385 Fed. Appx. 588, 593 (7th Cir. 2010) (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009)).

Accordingly, the Court finds that substantial evidence supports the ALJ's decision. Finding otherwise would require the Court to "reweigh the evidence" on appeal, which the Court cannot do. *Jarnutowski*, 48 F.4th at 773. Moreover, the Court finds that the ALJ did not apply the incorrect legal standards in finding that Ms. Siemer was not disabled for purposes of her Social Security disability application.

IV.    Conclusion

Accordingly, this Court RECOMMENDS that the Commissioner's decision be affirmed.

The Parties are advised that any objection to this Report and Recommendation must be filed, in writing, with the Clerk of the Court within fourteen (14) days after service of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

**ENTERED** this __2nd__ day of June, 2026.

/s/ Douglas J. Quivey
DOUGLAS J. QUIVEY
UNITED STATES MAGISTRATE JUDGE